IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GENERAL STAR NATIONAL INSURANCE CO., | 08 CV 2957 |
| Plaintiff, | Civil Action No. _____ |
| v. | Related to Civil Action Nos.: |
| | 1:07-cv-04045 GEL |
| GINNETTI TRUCKING LLC; EDDYS N. GARCIA as Administrator of the Goods, Chattels and Credits which were of WENDY SANTOS, deceased; EDDYS N. GARCIA, individually; EDDY I. GARCIA, an infant by his father and natural guardian, EDDYS N. GARCIA; KENNY GARCIA, an infant by his father and natural guardian, EDDYS N. GARCIA; OLGA GARCIA; RAFAEL SALVADOR; and KEYLIE SALVADOR, an infant by her mother and natural guardian OLGA GARCIA, | 1:07-cv-06192 GEL |
| | 1:08-cv-01588 GEL |
| Defendants. | MARCH 21, 2008 |

## COMPLAINT

1. This action seeks a declaratory judgment. The Plaintiff General Star National Insurance Company seeks a declaration that it is not obliged to defend and indemnify the Defendant, Ginnetti Trucking LLC, from the claims and lawsuits brought against Ginnetti by the other Defendants.

I.   PARTIES

2. The Plaintiff General Star National Insurance Co. ("General Star") is an insurance company organized under the laws of the state of Ohio, with its principal place of business in Stamford, Connecticut.

3. The Defendant Ginnetti Trucking LLC ("Ginnetti"") is a limited liability company organized under the laws of the state of Connecticut, with its principal place of

business in East Haven, Connecticut. At all times relevant to this action, Ginnetti was a trucking firm whose primary business was the transportation of cargoes of gasoline. At all times relevant to this action, Ginnetti regularly conducted business operations in, among other places, the state of New York.

4. The Defendant Eddys N. Garcia is a natural person, a citizen of the state of New York, and a resident of Bronx County, New York. The Defendant Eddys N. Garcia is the administrator of the estate of Wendy Santos.

5. The Defendant Eddy I. Garcia is a natural person, a citizen of the state of New York, and a resident of Bronx County, New York. The Defendant Eddy I. Garcia is an infant and the child of the Defendant Eddys N. Garcia.

6. The Defendant Kenny Garcia is a natural person, a citizen of the state of New York, and a resident of Bronx County, New York. The Defendant Kenny Garcia is an infant and the child of the Defendant Eddys N. Garcia.

7. The Defendant Olga Garcia is a natural person, a citizen of the state of New York, and a resident of Bronx County, New York.

8. The Defendant Rafael Salvador is a natural person, a citizen of the state of New York, and a resident of Bronx County, New York.

9. The Defendant Keylie Salvador is a natural person, a citizen of the state of New York, and a resident of Bronx County, New York. The Defendant Keylie Salvador is an infant and the child of the Defendants Olga Garcia and Rafael Salvador.

## II. JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over the case pursuant to 28 U.S.C. § 1331. The Plaintiff seeks a declaration concerning the parties' rights or obligations under the federal Motor Carrier Act of 1980, 49 U.S.C. §§ 13906 et seq., and therefore this action "aris[es]

under the Constitution, laws, or treaties of the United States" in satisfaction of 28 U.S.C. § 1331. Additionally, the Plaintiff seeks a declaratory judgment pursuant to 28 U.S.C. § 2201.

11. This Court has personal jurisdiction over all of the Defendants because the Defendants are all either natural persons who reside in this District, or corporations engaged in systematic and continuous business activity within this District.

12. Venue is proper pursuant to 28 U.S.C. § 1391(b)(3) because the Defendants Eddys N. Garcia, Eddy I. Garcia, Kenny Garcia, Olga Garcia, Rafael Salvador, and Keylie Salvador reside in this District.

### III. GENERAL ALLEGATIONS

#### A. The Insurance Policies

##### (i) The Canal Policy

13. At all times relevant to this action, Ginnetti carried a Basic Automobile Liability insurance policy with the Canal Insurance Company. Throughout this Complaint, this policy will be referred to as "the Canal Policy."

14. The Canal Policy provided $1,000,000 in coverage to Ginnetti.

15. The Canal Policy provided coverage to Ginnetti for damages arising from the ownership or use of a 2006 Kenworth tractor bearing vehicle identification number 1XKWD49XX6J148556, among other vehicles. Additionally, the Canal Policy provided coverage to Ginnetti for damages arising from the ownership or use of any trailer while such trailer was attached to the aforementioned 2006 Kenworth tractor.

16. The Canal Policy included an Endorsement for Motor Carrier Policies of Insurance for Public Liability Under Sections 29 and 30 of the Motor Carrier Act of 1980.

17. Upon information and belief, Ginnetti asked Canal to submit, and Canal did submit, a certificate of insurance to the Federal Motor Carrier Safety Administration, certifying

that Ginnetti had met the minimum financial security requirements applicable to motor carriers under the Motor Carrier Act of 1980.

### (ii) The General Star Policy

18. General Star issued an excess automobile liability insurance policy to Ginnetti. Throughout this Complaint, this policy will be referred to as "the General Star Policy." The General Star Policy bore policy number NXG397153A, and its policy period ran from March 23, 2006 to March 23, 2007. A true and accurate copy of the General Star Policy is attached hereto as Exhibit A.

19. The General Star Policy contained a "Scheduled Owned Auto Endorsement" that provides as follows:

> This policy applies to damages for which the **insured** is legally liable, or costs or expenses arising out of the ownership, use (including maintenance or repair), **loading or unloading** of only **autos** owned by the **insured** provided:
>
> a. The **underlying insurance** provides coverage to the owned **auto**; and
> b. The owned **auto** is shown on the SCHEDULE below.

The Schedule lists only a single vehicle, a 1999 Kenworth tractor, as being covered by the General Star Policy.

20. The General Star Policy does not include an Endorsement for Motor Carrier Policies of Insurance for Public Liability Under Sections 29 and 30 of the Motor Carrier Act of 1980.

21. Ginnetti never asked General Star to submit, and General Star did not submit, a certificate of insurance to the Federal Motor Carrier Safety Administration.

### B. The Accident

22. On July 2, 2006, Ginnetti picked up a load of gasoline in New Haven, Connecticut and delivered it to service stations in New Jersey. The tractor-trailer rig that

Ginnetti used to deliver the load of gasoline was comprised of a 2006 Kenworth tractor bearing vehicle identification number 1XKWD49XX6J148556, and a 1978 Custom tank trailer bearing serial number S3422-78. After delivering the load of gasoline to the New Jersey service stations, Ginnetti began to return to New Haven to pick up another load of gasoline.

23. The Defendants Eddys N. Garcia, Eddy I. Garcia, Kenny Garcia, Olga Garcia, Rafael Salvador and Keylie Salvador allege that while Ginnetti was operating the tractor-trailer northbound on Interstate 95 in Darien, Connecticut, the left rear wheels of the 1978 Custom tank trailer separated from the trailer and crossed the highway median, striking the vehicle in which they were riding. Throughout this Complaint, these Defendants will be referred to as "the Accident Plaintiffs" and the alleged impact between their vehicle and the wheels of the Ginnetti vehicle will be referred to as "the Accident."

### C. The Underlying Lawsuits and the Accident Plaintiffs' Claims against General Star.

24. The Accident Plaintiffs claim to have been injured in the Accident through the negligence of Ginnetti, and they claim money damages from Ginnetti as a result of the Accident.

25. The Accident Plaintiffs have filed two lawsuits against Ginnetti, both of which are pending in this Court. One lawsuit is styled <u>Eddys N. Garcia et al. v. Ginnetti Trucking, LLC</u> and bears case number 1:07-cv-04045-GEL. A second lawsuit is styled <u>Olga Garcia et al. v. Ginnetti Trucking, LLC</u> and bears case number 1:07-cv-06192-GEL. Throughout this Complaint, these two lawsuits will be referred to collectively as "the Lawsuits."

26. The Canal Policy covers the 2006 Kenworth tractor that was involved in the Accident.

27. The Canal Policy covers the 1978 Custom trailer that was involved in the Accident.

28. Pursuant to the Canal Policy, the Canal Insurance Company is presently defending Ginnetti from the Lawsuits.

29. Canal has offered to pay the $1,000,000 limit of the Canal Policy to the Court, to be distributed among the Accident Plaintiffs and others.

30. Neither of the Ginnetti vehicles that were involved in the Accident are listed on the Scheduled Owned Auto Endorsement to the General Star Policy. Therefore, neither the Ginnetti vehicles nor the Accident Plaintiffs' claims for damages against Ginnetti are covered under the terms of the General Star Policy.

31. Despite the fact that the Ginnetti vehicles involved in the Accident were not covered under the General Star Policy, Ginnetti asserts that General Star is obliged to defend Ginnetti in the Lawsuits, and indemnify Ginnetti from the claims of the Accident Plaintiffs. Ginnetti asserts that General Star's alleged obligation to defend and indemnify arises out of the Motor Carrier Act of 1980 and the associated regulations of the Federal Motor Carrier Safety Administration concerning the minimum financial responsibility requirements applicable to motor carriers.

32. Despite the fact that the Ginnetti vehicles involved in the Accident were not covered under the General Star Policy, the Accident Plaintiffs assert that General Star is obliged to indemnify their claims against Ginnetti. The Accident Plaintiffs assert that General Star's alleged obligation to indemnify arises out of the Motor Carrier Act of 1980 and the associated regulations of the Federal Motor Carrier Safety Administration concerning the minimum financial responsibility requirements applicable to motor carriers.

33. Contrary to Ginnetti's assertions, no statute or regulation obliges General Star to defend Ginnetti from the Lawsuits.

34. Contrary to the assertions of Ginnetti and the Accident Plaintiffs, no statute or regulation obliges General Star to indemnify Ginnetti from the claims of the Accident Plaintiffs.

35. The minimum financial responsibility requirements applicable to the Accident under the Motor Carrier Act of 1980 and the associated regulations of the Federal Motor Carrier Safety Administration have been fully met by the Canal Policy.

## IV.    FIRST COUNT: DECLARATORY JUDGMENT AS TO ALL DEFENDANTS

36. General Star incorporates all of the allegations of Paragraphs 1 through 35 above as if set forth fully herein.

37. There is no defense or indemnity coverage under the General Star Policy for injuries or damages arising out of the ownership or use of vehicles other than the 1999 Kenworth tractor listed in the Scheduled Owned Auto Endorsement.

38. There is no defense or indemnity coverage under the General Star Policy for the 2006 Kenworth tractor and attached trailer that were involved in the Accident.

39. General Star is not obliged to defend Ginnetti from the Lawsuits by the Motor Carrier Act of 1980, the associated regulations of the Federal Motor Carrier Administration, or any other statute or regulation.

40. General Star is not obliged to indemnify Ginnetti from the claims of the Accident Plaintiffs by the Motor Carrier Act of 1980, the associated regulations of the Federal Motor Carrier Administration, or any other statute or regulation.

41. When an insurance company is obliged to defend or indemnify a claim by operation of the Motor Carrier Act of 1980 or the associated regulations of the Federal Motor Carrier Administration, it has a right of reimbursement from its policyholder. Accordingly, even if General Star is obliged to defend or indemnity Ginnetti from the claims of the Accident Plaintiffs, it is entitled to reimbursement from Ginnetti.

42.     The assertions by Ginnetti and the Accident Plaintiffs that General Star is obliged to defend and/or indemnify Ginnetti create an actual controversy as contemplated by 28 U.S.C. § 2201 between the parties concerning General Star's rights and obligations, if any, relative to the Motor Carrier Act of 1980 and the associated regulations of the Federal Motor Carrier Administration.

**WHEREFORE,** General Star respectfully prays for judgment against the Defendants as follows:

i)     declaring that General Star has no duty to defend Ginnetti from the lawsuits styled <u>Eddys N. Garcia et al. v. Ginnetti Trucking, LLC</u> and <u>Olga Garcia et al. v. Ginnetti Trucking, LLC</u> under General Star Policy number NXG397153A or otherwise; and declaring that General Star has no duty to indemnify Ginnetti from the claims of Eddys N. Garcia (both in his own right and in his capacity as administrator of the state of Wendy Santos), Eddy I. Garcia, Kenny Garcia, Olga Garcia, Rafael Salvador, and/or Keylie Salvador under General Star Policy number NXG397153A or otherwise; or, in the alternative, declaring that Ginnetti must reimburse General Star for any sums that General Star pays in the defense of the Lawsuits or in the indemnification of the claims of the Accident Plaintiffs;

ii)    the costs associated with this action; and

iii)   such other relief as the Court may deem proper.

Respectfully submitted, GENERAL STAR
NATIONAL INSURANCE CO., Plaintiff,

By _____
Daniel L. FitzMaurice (DF6096)
*dlfitzmaurice@daypitney.com*
Day Pitney LLP
242 Trumbull St.
Hartford, Connecticut 06103-1212
(860) 275-0100
(860) 881-2516 (fax)
Their Attorneys