LSK&D #: 114-6015 / 1014044
IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
GENERAL STAR NATIONAL INSURANCE
CO.,

                        Plaintiffs,

-against-

GINNETTI TRUCKING, LLC; EDDYS N.
GARCIA as Administrator of the Goods,
Chattels and Credits which were of WENDY
SANTOS, deceased; EDDYS N. GARCIA,
individually; EDDY I. GARCIA, an infant by his
father and natural guardian, EDDYS N.
GARCIA; KENNY GARCIA, an infant by his
father and natural guardian, EDDYS N.
GARCIA; OLGA GARCIA; RAFAEL
SALVADOR; and KEYLIE SALVADOR, an
infant by her mother and natural guardian
OLGA GARCIA,

                        Defendants.
-----------------------------------------------------------------x

CIVIL ACTION NO.:
1:08-CV-02957 GEL

Related to Civil Action Nos.:
1:07-CV-04045 GEL
1:07-CV-06192 GEL
1:08-CV-01588 GEL

**ANSWER**

      Defendant, GINNETTI TRUCKING, LLC ("Ginnetti"), by its attorneys, LESTER SCHWAB KATZ & DWYER, LLP, answers the plaintiff's complaint dated March 21, 2008 as follows:

      1.     Admits the allegations in paragraph "1" of the Complaint, and refers the Court to the declaratory judgment complaint for a true and complete statement of its contents, but begs leave to refer all questions of law to the Court.

      2.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "2" of the Complaint.

## I. **PARTIES**

3. Admits the allegations in paragraph "3" of Complaint to the extent that it is a limited liability company organized under the laws of the State of Connecticut, with its principal place of business in East Haven, Connecticut and that Ginnetti regularly conducted business operations in, among other places, the State of New York.

4. Denies having knowledge or information sufficient to form a belief as to the truth to the allegations in paragraph "4" of the Complaint.

5. Denies having knowledge or information sufficient to form a belief as to the truth to the allegations in paragraph "5" of the Complaint.

6. Denies having knowledge or information sufficient to form a belief as to the truth to the allegations in paragraph "6" of the Complaint.

7. Denies having knowledge or information sufficient to form a belief as to the truth to the allegations in paragraph "7" of the Complaint.

8. Denies having knowledge or information sufficient to form a belief as to the truth to the allegations in paragraph "8" of the Complaint.

9. Denies having knowledge or information sufficient to form a belief as to the truth to the allegations in paragraph "9" of the Complaint.

### **JURISDICTION AND VENUE**

10. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "10" of the Complaint and refers the Court to the declaratory judgment complaint for a true and complete statement of its contents, but begs leave to refer all questions of law to the Court.

11. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "11" of the Complaint, but begs leave to refer all questions of law to the Court.

12. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "12" of the Complaint, but begs leave to refer all questions of law to the Court.

## GENERAL ALLEGATIONS

**A.   The Insurance Policies**

**(i)   The Canal Policy**

13. Admits the allegations in paragraph "13" of the Complaint that, at all times relevant to the action, Ginnetti carried a Basic Automobile Liability Insurance Policy with the Canal Insurance Company and respectfully refers the Court to the Canal policy for a true and complete statement of its terms and conditions.

14. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "14" of the Complaint and respectfully refers the Court to the Canal Policy for a true and accurate statement of its terms and conditions and to the declaratory judgment action commenced by Canal Insurance Company ("Canal") entitled <u>Canal Insurance Company v. Ginnetti Trucking, et al.</u>, 08 CV 01588 that is pending in this Court.

15. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "15" of the Complaint and respectfully refers the Court to the Canal Policy for a true and accurate statement of its terms and conditions.

16. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "16" of the Complaint except admits that the Canal policy included an Endorsement for Motor Carrier Policies of Insurance for Public Liability under Sections 29 and 30 of the Motor Carrier Act of 1980); and respectfully refers the Court to the Canal Policy for a true and accurate statement of its terms and conditions.

17. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "17" of the Complaint.

### (ii) The General Star Policy

18. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "18" of the Complaint, except admits that General Star issued an umbrella automobile liability insurance policy to Ginnetti and that the General Star Policy bore policy number NXG397153A ("the General Star policy") and its policy period ran from March 23, 2006 to March 23, 2007, and respectfully refers the Court to the General Star policy for a true and accurate statement of its terms and conditions.

19. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "19" of the Complaint and respectfully refers the Court to the General Star policy for a true and accurate statement of its terms and conditions.

20. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "20" of the Complaint and respectfully refers the Court to the General Star policy for a true and accurate statement of its terms and conditions, but begs leave to refer all questions of law to the Court.

21.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "21" of the Complaint.

**B.    The Accident**

22.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "22" of the Complaint ,except admits that on July 2, 2006, an employee of Ginnetti was operating a 2006 Kenworth tractor with an attached trailer and respectfully refers the Court to the underlying pleadings for a true and complete statement of its contents.

23.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "23" of the Complaint, except admits that on July 2, 2006, an employee of Ginnetti was operating a tractor-trailer northbound on Interstate 95 near Darien, Connecticut and respectfully refers the Court to the underlying pleadings for a true and accurate statement of its allegations.

**C.    The Underlying Lawsuits and the Accident Plaintiffs' Claims against General Star**

24.     Admits the allegations in paragraph "24" of the Complaint that [t]he Accident Plaintiffs claim to have been injured in the Accident through the negligence of Ginnetti and they claim money damages as a result of the accident and respectfully refers the Court to the underlying pleadings for a true and complete statement of its contents.

25.     Admits the allegations in paragraph "25" of the Complaint that the Accident Plaintiffs have filed two lawsuits against Ginnetti, both pending in this Court, one styled <u>Eddys N. Garcia, et al. v. Ginnetti Trucking, LLC</u>; case number 1:07-CV-04045-GEL and the other styled <u>Olga Garcia, et al. v. Ginnetti Trucking, LLC</u>, case

number 1:07-CV-6192-GEL and respectfully refers the Court to the underlying pleadings for a true and complete statement of their contents.

26. Denies having knowledge or information sufficient to form a belief as to the allegations in paragraph "26" of the Complaint and respectfully refers the Court to the Canal Policy for a true and complete statement of its terms and conditions, but begs leave to refer all questions of law to the Court.

27. Denies having knowledge or information sufficient to form a belief as to the allegations in paragraph "27" of the Complaint, and respectfully refers the Court to the Canal policy for a true and complete statement of its terms and conditions, but begs leave to refer all questions of law to the Court.

28. Admits the allegations in paragraph "28" of the Complaint to the extent that "[p]ursuant to the Canal Policy, the Canal Insurance Company is presently defending Ginnetti from the Lawsuits".

29. Denies having knowledge or information to form a belief as the allegations in paragraph "29" of the Complaint; and respectfully refers the Court to the declaratory judgment complaint in the related action filed by <u>Canal Insurance Company v. Ginnetti Trucking, et al</u>, 08 CV 01588 filed with this Court for a true and complete statement of its contents.

30. Denies each and every allegation in paragraph "30" of the Complaint and respectfully refers the Court to the General Star policy for a true and complete statement of its terms and conditions.

31. Denies each and every allegation in paragraph "31" of the Complaint, except admits that Ginnetti asserts that General Star is obliged to defend

Ginnetti in the lawsuits and indemnify Ginnetti from the claims of the Accident Plaintiffs and that Ginnetti asserts that General Star's obligation to defend and indemnify arises out of the Motor Carrier Act of 1980 and the associated regulations concerning the minimum financial responsibility requirements applicable to motor carriers.

32. Denies each and every allegation in paragraph "32" of the Complaint, except denies having knowledge or information sufficient to form a belief as to the truth of the allegations regarding the assertions of the Accident Plaintiffs.

33. Denies each and every allegation in paragraph "33" of the Complaint, but begs leave to refer all questions of law to the Court.

34. Denies each and every allegation in paragraph "34" of the Complaint, but begs leave to refer all questions of law to the Court.

35. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "35" of the Complaint, and respectfully refers the Court to the Canal policy for a true and complete statement of its contents.

## II.   FIRST COUNT: DECLARATORY JUDGMENT AS TO ALL DEFENDANTS

36. Ginnetti repeats each and every denial hereinbefore stated in response to paragraphs "1" through "35" of the Complaint above as if set forth fully herein.

37. Denies each and every allegation in paragraph "37" of the Complaint, but begs to leave to refer all questions of law to the Court.

38. Denies each and every allegation in paragraph "38" of the Complaint, but begs to leave to refer all questions of law to the Court.

39. Denies each and every allegation in paragraph "39" of the Complaint, but begs leave to refer all questions of law to the Court.

40. Denies each and every allegation in paragraph "40" of the Complaint, but begs leave to refer all questions of law to the Court.

41. Denies each and every allegation in paragraph "41" of the Complaint, but begs leave to refer all questions of law to the Court.

42. Admit the allegations in paragraph "42" of the Complaint to the extent that the assertions by Ginnetti that General Star is obligated to defend and/or indemnify Ginnetti creates an actual controversy and otherwise denies having knowledge or information sufficient to form a belief as to the truth of the allegations, but begs leave to refer all questions of law to the Court.

## AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

43. The Complaint fails to state a cause of action against the answering defendant.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

44. General Star National Insurance Company which issued an umbrella liability policy of insurance to Ginnetti, policy no. NXG397153A, in effect on the date of the accident(s) at issue in the underlying action is, or may be, obligated to pay any final judgment recovered against Ginnetti in the underlying action up to the minimum financial responsibility requirements of the Motor Vehicle Act of 1980 and associated regulations for any public liability resulting from negligence in the operation, maintenance, or use of motor vehicles subject to those financial responsibility

requirements, regardless of whether or not each motor vehicle is specifically described in the General Star policy, once the underlying limits of the Canal policy are exhausted.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

45. Pursuant to the Motor Carrier Act of 1980 and the associated regulations concerning the minimum financial responsibility requirements applicable to motor carriers, the MCS-90 Endorsement is deemed incorporated into, or implied by operation of law into the General Star Policy and serves to amend the policy and thereby ensure Ginnetti's compliance with the minimum financial responsibility requirements of Sections 29 and 30 of the Motor Carrier Act of 1980 and associated regulations.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

46. General Star had actual knowledge of and/or is presumed to have knowledge of the schedule of vehicles owned by Ginnetti listed in the underlying Canal policy and was aware that coverage was required from the General Star policy in an amount sufficient to meet the minimum financial responsibility requirements for all interstate vehicles owned by Ginnetti pursuant to the Motor Carrier Act of 1980 and the associated regulations.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

47. Pursuant to the Motor Carrier Act of 1980 and the associated regulations concerning the minimum financial responsibility requirements applicable to motor carriers, General Star was required to provide coverage sufficient to meet those minimum financial responsibility requirements for all interstate vehicles owned by Ginnetti and its policy is deemed amended to afford such coverage by operation of law.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

48. The General Star policy should be reformed to follow form to the underlying insurance and to provide coverage for all interstate vehicles owned by Ginnetti listed on the schedule of the underlying insurance issued by Canal and/or all interstate vehicles owned by Ginnetti at the time of the General Star policy's issuance to ensure Ginnetti's compliance with the minimum financial responsibility requirements of Sections 29 and 30 of the Motor Carrier Act of 1980 and associated regulations.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

49. Ginnetti does not owe General Star any reimbursement for General Star's own acts or omissions or "bad faith" or those of its agent(s) due to its failure to provide coverage for all interstate vehicles owned by Ginnetti listed on the schedule of the underlying insurance issued by Canal and/or all interstate vehicles owned by Ginnetti at the time of the General Star policy's issuance to ensure Ginnetti's compliance with the minimum financial responsibility requirements of Sections 29 and 30 of the Motor Carrier Act of 1980 and associated regulations.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

50. The incident(s) at issue in the underlying tort actions brought by the Accident Plaintiffs or others are, or may constitute, more than one "occurrence" under the General Star policy.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

51. Plaintiff has failed to join all necessary parties.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

52.    This action is, or may be premature and not yet ripe for determination prior to any judgment entered against Ginnetti in the underlying action.

**WHEREFORE,** defendant Ginnetti respectfully requests that the Court deny the relief sought by General Star and dismiss the complaint in its entirety, except to issue a declaration that General Star owes a duty to pay on behalf of Ginnetti any final judgment recovered against Ginnetti in the underlying tort actions for any public liability resulting from negligence in the operation, maintenance or use of motor vehicles subject to the Motor Vehicle Act of 1980 and associated regulations, up to the minimum financial responsibility requirements of the Act, once the underlying Canal policy is exhausted.

Dated:    New York, New York
          May 19, 2008

                                    Respectfully submitted,

                                    LESTER SCHWAB KATZ & DWYER, LLP

                                    _____
                                    Ellen M. Spindler (EMS-4839)
                                    Harold J. Dershowitz (HJD-9910)
                                    Attorneys for Defendant
                                    GINNETTI TRUCKING, LLC,
                                    120 Broadway
                                    New York, New York 10271
                                    (212) 964-6611

TO:

Daniel A. Howard, Esq.
McElfish Law Firm
1112 N. Sherbourne Drive
West Hollywood, California 90069

Bruce Lauritzen
1011 Durham Road
Madison, Connecticut 06443

Gair, Gair Conason, Steigman & Mackauf
80 Pine Street
New York, New York 10005

Yanover & Yanover
50 Charles Lindbergh Blvd, Suite 400
Uniondale, NY 11553


Edart Leasing Company, LLC
100 Wales Avenue
Avon, Massachusetts 02322

Dasilva Taunton Express
513 John Hancock Road
Taunton, Massachusetts 02780